81,669-02

No. O8CR3051-83-1

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 22 2015

Abel Acosta, Clerk

| | | |
|---|---|---|
| Robert Villanueva | § | Petitioner |
| vs. | § | |
| Michell Slaughter, Judge of Court | § | Respondent |
| | § | |

Petitioner's Request for Leave to file

his petition for Writ of Mandamus

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Robert Villanueva, petitioner herein, respectfully moves

this Honorable Court for leave to file the attached petition for Writ of

Mandamus.

Robert Villanueva, Pro Se
McConnell Unit
3001 S. Emily Dr.
Beeville, Trexas 78102

1.

## Petition for Writ of Mandamus

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Robert Villanueva, hereinafter known as the petitioner, in the above styled and numbered cause, to request this Honorable Court grant this petition for Writ of Mandamus, and would in support thereof show:

### I.

That the petitioner has attempted to exhaust all State remidies by filing a Motion for Forensic DNA Testing, pursuant to Tex. Code od Crim Proc. Art. 11.073 on the 12th day of Nov ,2015, with the trial Court in this cause, regarding the illegal detention of the petitioner. The DNA test in this cause would show that the petitioner was not the person who committed this offense, and that the item presented for testing would clearly show he is not the contributor.

### II.

That effective this date Dec, 17 ,2015, no action has been taken on the Motion for Forensic DNA Testing, nor have the petitioner been noticed as to any reason for the Court's delay. The petitioner has filed timely request for judicial review, but the trial Court ignored the request. As demonstrated with the statement of facts presented herein, This Honorable Court will be able to recognize the intentional disregard for inmate rights demonstrated by the trial Courts of Galveston, County, Texas. Petitioner asserts, facts that he filed his motion for forensic DNA testing on the 12th day of November, 2015. To this date, no response has been received from the trial Courts. The Clerk, the tirla Courts has a ministerial duty to respond to the request for judicial review. Therefore, petitioner's request that this Honorable Court grant his petition for Writ of Mandamus in this cause, and any other relief deemed by this Honorable Court.

Robert Villanueva
Robert Villanueva, Petitioner

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true an correct copy of the foregoing was mailed, postage prepaid, this the 17th day of Dec ,2015. To the Court of Criminal Appeals, Austin, Texas .

Robert Villanueva
Petitioner

2.

JOHN D. KINARD

DISTRICT CLERK

GALVESTON COUNTY, TEXAS

COPY

GALVESTON OFFICE
600 59th St. Ste. 4001
GALVESTON, TX 77551-2338

In Re: Robert Villanueva - Cause No. 08-CR-3051-83-1

In the 405th District Court, District Court of Galveston County, Texas.

Dear Mr. Kinard;

　　Enclosed is Applicant's motion for Appointment of Counsel, pursuant to Texas Code of Criminal Procedure, Article 11.073(1)(d). Will you please notify me of the purposed docketting date using the self addressed stamped envelope enclosed?

　　Thank you for your time and attention in this matter.

　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　
　　　　　　　　　　　　　　ROBERT VILLANUEVA
　　　　　　　　　　　　　　1662449
　　　　　　　　　　　　　　3001 S. EMILY DR.
　　　　　　　　　　　　　　BEEVILLE, TX 78102

Signed this day of Nov, 8th , 2015

08-CR-3051
DCCORR
Correspondence
1131266

Cause No. 08-CR-3051



Robert Villanueva                    §        In the District Court of

vs.                                  §        405th Judicial District

The State of Texas                   §        Galveston County, Texas

## APPLICANT'S REQUEST FOR COUNSEL FOR DNA TESTING

Comes Now Robert Villanueva, in the above styled cause and motion to this Honorable Court to request counsel in the matter of untested material evidence, presented by the State during his September 2010 trial in the 405th District Court. Pursuant to Texas Code of Criminal Procedure, Article 11.073(1)(d).

Applicant contends that during trial, prosecutor Bill Reed revealed to the trial court that evidence was missing. (Glass Crack Pipe) In addition, biological evidence (Hair) found in the victim's right hand, at the time of the alleged murder, was also not tested in accordance with accepted police and scientific procedures.

## STATEMENT OF FACTS

On July 8, 2015 Applicant received newly discovered evidence from trial counsel's, co-counsel, attorney Holly Cooper-Roell, that Mr. Cochran confessed to her, "the prosecutor did turn over more evidence in the middle of trial. He told me the month of your conviction that Mr. Reed had evidence secrected [by him]." Mrs. Roell's [by him], insinuates that this is Mr. Cochran's evidence, that was secreted. Mrs. Roell added, that she will cooperate with the sentencing court because "trust me, I have a whole lot more to say." (Exhibit #1)

Brady v. Maryland, 373 U.S. 83 (1963) requires the prosecution to disclose any evidence that might be material to guilt, whether or not it is exculpatory. The State has no duty to seek out exculpatory information independtly on the Applicant's behalf, but once such information comes into State's possession, then duty and Brady rule attaches. See Palmer v. State, 902 S.W. 2d 561 (Tex. App. 1st Dist. 1995); Morton v. State, 326 S.W. 3d 634 (Tex. App. 3rd Austin Dist. 2010)

Although State photo exhibits, of the missing evidence was entered into trial, State's expert witness from the DPS Crime Lab asserted, that she never received a glass crack pipe for "this case." The lab expert also contended that no DNA testing was performed on the biological evidence (Hair) found in the victim's right hand at the time of the murder, that no rquest for testing was

08-CR-3051
OCRFC
Request For Counsel
1131273

asked of the evidence by either the Sheriff's Department nor the State. Without that request no testing would be performed. State prosecutor, then insinuated, that because the hair found was black, and the Applicant, has black hair, that the donor of the hair found in the victim's right hand at the time of the murder, does infact belong to the Applicant.

Having no DNA test results available for trial, and the State prosecutor's line of questioning to the lab expert, while on the witness stand, placed the Applicant in the victim's right hand not only as a party to the offense, but as a principal. Exhibit #2 in support of the evidence existing, Exhibit #3 is in support that neither the glass pipe or hair was ever subjected to DNA testing on the case summary.(Party Information) 7/22/2015

Kutzner v. State, 75 S.W. 3d 427 (Tex. Cr. App. 2002) did not decide that a defendant must prove his "actual innocence" as a condition to establishing his right to DNA testing. See Kutzner, 75 S.W. at 438, 439. Instead, Kutzner decided that a defendant proves his right to DNA testing of evidence by showing that exculpatory DNA results would establish the defendant's innocence. See Blacklock v. State, 235S.W. 3d 232, 233 (Tex Crim. App. 2007)

Applicant Villanueva, contends that a constitutional error assisted in the conviction of "he" who is actually innocent. During trial, alleged co-defendant Marcus Shuff refused to testify by pleading his 5th Amendment right to be silent, because niether the defense nor the State could question Shuff about Nov. 21, 2009 video confession of how, why, and when he "soely" planned and executed the murder for which the Applicant was on trial for, the video was not allowed to be presented to the jury. The defense was also denied an opportunity to properly confront and cross examine the lead detective of this case, who conducted that Nov. 21, 2009 video confession by Shuff. The defense was not allowed to test the Detectives recollection or to probe into any details of the video, so that the jury might judge for itself wheter the detectives testimony was worthy of belief.

Applicant's Exhibit #4 provides that the Nov. 21, 2009 video confession was used in trial, one year after Applicant's conviction, presented by the vary same prosecutor who argued at the Apllicant's September 2010 trial, not to play the video.

Had this video been presented to Applicant's jury, it would have provided the following facts;
1) That Shuff acted alone during the offense and nobody assisted him in his plot to murder the victim.

2

2) No where on the video was the Applicant mentioned as a party or a principal to the offense.

3) The video indicates how Shuff's hair presumptively ended up in the victim's right hand. (Untested evidence)

4) The video indicates that Shuff stated he used crack cocaine the night he hit Lacy with the bat. (Untested evidence)

5) Shuff statement of how where, and weapon used was corroberated by three State expert witnesses, including where he stated he threw the murder weapon.

During trial there was no physical evidence of guilt presented by the State against the Applicant. Only a theory for which the State clearly corroberated was unassailable by presenting a total different theory to convict Marcus Shuff in November of 2011, who clearly provided a credible and corroberated video confession of what actually happened to the victim. To which again, was ﹕﹕﹕ corroberated by three State expert witnesses in both trials. Exhibit #5 in support that the State presented two different theories within the two trials.

Whether rooted directly in the Due-Process Clause of the Fourteenth Amendment or in the Compulsary Process, or the Confrontation Clause of the Sixth Amendment. The United States Constitution guatantees criminal petitioner's a meaningful opportunity to present a "complete" defense; The Sixth Amendment right to present a complete defense encompasses a petitioner's right under the confrontation clause to Rebut the State's evidence through cross-examination. The decision "Law" not to allow favorable evidence to an accused upon request and the denial to properly confront and cross-examine the Detective who conducted the Nov. 21, 2009 video confession, violated the Applicant's Due Process and confrontation rights. Kittleson v. Dretke, 426 F.3d 306 (5th Cir. 2005)

By denying the Applicant favorable evidence, the trial court significantly curtailed the Applicant's ability to properly confront and cross-examine the prosecution's most important witness. Lead Det. Sgt. Mark Booner and may well have violated the Applicant right to review evidence favorable to an accused upon request, where the evidence is material to either guilt or to punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963) That right is unquestionably protected by the Due-Process Clause; See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). The Brady rule is based on the requirements of Due-Process. It's purpose is to ensure that a miscarriage of justice does not occur. United States v. Bagley, 473 U.S. at 675 (1985). The right to confront and cross-examine witnesses and to call witness in one's own

3

behalf have long been recognized as essentials to due process since (1895) Mattox v. United States, 156 U.S. 237, 242-243, 15 S.Ct 337, 339-340, 39 L.Ed. 409 (1895). It is implicit in the constitutional right of confrontation, and helps assures the accuracy of the truth determining process. Dutton v. Evans, 400 U.S. 74, 89, 91 S.Ct. 210, 220, 27 L.Ed 2d. 213 (1970)

Having excluded All testimony and statements by Shuff during trial, clearly provided no credible evidence showing that at the time of the offense the parties were acting together, each contributing some part towards the execution of their common purpose. See Wooden v. State, 101 S.W. 3d 542, 546 (Tex. App. Fort Worth 2003). Adding that Marcus Shuff was in the Galveston County Jail, arrested two days prior, for stealing the victim's car, and was not released until hours before the murder on Oct. 5, 2007.

Had the biological evidence been subjected to proper DNA testing capable of determining the identily of the donor of the hair found in the victim's right hand, as Applicant belive is possible today, and such results excluded the Applicant as the donor, it is reasonably probable that the Applicant would not have been prosecuted or convicted.

## PRAYER

Applicant prays this Honorable Court grant counsel in the matter of DNA testing and to determine what action should be taken on the credible allegations provided by Mrs. Roell which clearly violated Applicant's constitutional rights of a fair trial.

Signed this day on _____2015, _____.

Robert Villanuera
TDCJ#1662449
3001 S. Emily Dr.
Beeville, TX 78102

4



Cause No. 08-CR-3051

THE STATE OF TEXAS        §         IN THE DISTRICT COURT OF

VS.                     §         405TH JUDICIAL DISTRICT

ROBERT VILLANUEVA      §         GALVESTON COUNTY, TEXAS

## AFFIDAVIT OF INDIGENCY

I Robert Villanueva, do certify I am without means to pay these proceedings and provide the following facts in support:

1) I am a prisoner within the Texas Department of Criminal Justice and not paid for labor.
2) I have no real tangible property to considered as collateral for debt.
3) I am not married, nor do I have any means of viable support.
4) I have no means to discharge or liabilities.

Robert Villanueva         11/8/15

Robert Villanueva
TDCJ#1662449
3001 S. Emily Dr.
Beeville, TX 78102

08-CR-3051
DCAFFID
Affidavit
1131271

John D. Kinard
District Clerk
Galveston County, Texas

Galveston Office
600 59th St, Ste 4001
Galveston, TX 77551-2338

In Re: Robert Villanueva - Cause No. 08-CR-3051-83-1

In the 405th District Court of Galveston County Texas.

Dear Mr. Kinard

Enclosed is a self addressed stamped envelope, will you please use that envelope to notify me of the Courts decission on Applicant's motion for appiontment of Counsel, pursuant to Texas Code Criminal Procedure. Art, 11.073(1)(d)

So that a timely appeal can be filed with the Court of appeals, if nesessary.

Thank You for your time and attention.

Sincerely, Robert Villanuen
1662449
3001 S, Emily Dr.
Beeville, Tx 78102

Signed this day of December 7th, 2015

# HOLLY COOPER-ROELL

## ATTORNEY-AT-LAW

HOLLYCOOPERROELL@YAHOO.COM

July 8, 2015

TO: Mr. Robert Villanueva
TDCJ# 1662449
3001 S. Emily Dr.
Beeville, Texas 78102

Hon. M. Slaughter
405th Jud. District Court
600 59th Street
Galveston, Texas 77551

**RE: Please give post conviction relief to Case# 08-** *CR-3052*

Dear Sir: ¿

As you know I once represented you as we were friends in the Clear Lake area. Your family has contacted my law office and asked me to return their call, but I made a decision not to. I know that you were NOT granted a fair trial. I now remember and know many details regarding Mr. Cochrans' representation of you at trial. He told me in confidence the prosecutor did turn over more evidence in the middle of trial. He told me the month of your conviction that Mr. Reed had evidence secreted[by him] I guess , is what you call it. I believe under the Mortenson bill that neither the DA who tried the case or Mr. Cochran has immunity. I sincerely hope the Judge appoints you new counsel and removes Mr. Martin as I heard he used to office with Mr. Cochran so how fair is that? I have heard about two years ago that 'maddog' has gone free and continues to make the citizens in the area of Bacliff concerned[more later about that]. The Chief M.E. who testified for the State has since been released from his job with allegations. Mr. Cochran fell in love with the investigator that was part of the retainer fee paid by your mother and had his own obsessions the week of your trial. I will cooperate with the sentencing court because trust me I have a whole lot more to say.

SIGNED: *Holly C. Roe*

2127 BROADWAY
GALVESTON, TX. 77550
409.763.2454X22
FAX[409.763.4309]
ANGLETON OFFC. 979.583.8165